1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

ANNIE RUDDELL,

10

                Plaintiff,          NO.

11

v.                                     COMPLAINT

12

UNITED STATES OF AMERICA,

13

                Defendant.

14

Comes now the Plaintiff Annie Ruddell and alleges and pleads as follows:

15

16

**I.  JURISDICTION**

17

1.1     Plaintiff is an enrolled member of the Squaxin Island Indian Tribe.

18

1.2     The acts giving rise to this Complaint occurred primarily on Squaxin Island Tribal

19

lands.

20

1.3     A Self Governance Compact between the Squaxin Island Indian Tribe and the

21

United States of America has been entered and was in effect at all times pertinent herein.  The

22

Compact is with the Secretary of the United State Department of the Interior.  The Compact

23

provides, inter alia, that:

24

COMPLAINT - 1

413 Eighth Street
Hoquiam, WA  98550
Tel: 360-533-2710
STRITMATTER KESSLER WHELAN COLUCCIO

[T]he Tribe shall be fully covered by all liability coverage under the Federal Tort Claims Act that is made available to the Secretary or an authorized representative or to P.L. 93-638 contractors and their employees under federal law, as the same may be amended from time to time, and shall be responsible in the same manner as P.L. 93-638 contractors.

1.4     The Multi-Year Funding Agreement between the Squaxin Island Indian Tribe and the United States Department of Interior for the years pertinent to this Claim include Law Enforcement, Indian Child Welfare and other tribal programs.

1.5     The current Self Governance Compact between the Squaxin Island Indian Tribe and the United State of America purports to be by the Secretary of the Department of Health and Human Services as signed by the Director of the Indian Health Service.

1.6     The Funding Agreement for 2008 provides that the Tribe is deemed to be part of the Public Health Service.

1.7     This court has jurisdiction to hear this matter and this matter is properly before the Court.

## II.  PARTIES

2.1     Plaintiff Annie Ruddell was at all times pertinent to this cause of action a resident of a home on Squaxin Island Tribal lands.

2.2     The Squaxin Island Indian Tribe is a sovereign nation and governmental entity pursuant to its own laws and the laws of the United States of America.

2.3     The Squaxin Island Tribal police department (hereinafter "Tribal Police") is an authorized agency of the Squaxin Island Indian Tribe created and existing for the benefit and for the protection of the Tribe and its members.  All actions of the Squaxin Island Tribal police are actions taken on behalf of the Squaxin Island Indian Tribe.

COMPLAINT - 2

413 Eighth Street
Hoquiam, WA  98550
STRITMATTER KESSLER WHELAN COLUCCIO    Tel: 360-533-2710

1     2.4    The Indian Child Welfare (hereinafter "ICW") is an agency of the Squaxin Island

2  Indian Tribe created and existing for the benefit of the Tribe and its members.  All actions of the

3  ICW are actions taken on behalf of the Squaxin Island Indian Tribe.

4     2.5    The All Family Wellness Team (hereafter "AFWT") is an agency of the Squaxin

5  Island Indian Tribe created and existing for the benefit of the Tribe and its members.  All actions

6  of the AFWT are actions taken on behalf of the Squaxin Island Indian Tribe.

7     2.6    Russell Harper was an agent of the Squaxin Island Indian Tribe at all times

8  material herein.  All action of Russell Harper were actions taken on behalf of the Squaxin Island

9  Indian Tribe.

10     2.7    The United States of America is a governmental entity.  The United States of

11  America is responsible by law and by contract for the tortious conduct of the Squaxin Island

12  Indian Tribe and its employees and agents.

### III. SERVICE OF CLAIM FOR DAMAGE, INJURY OR DEATH

14     3.1    Plaintiff properly served a Claim for Damage, Injury or Death Form 95 on the

15  Squaxin Island Indian Tribe on February 9, 2009.

16     3.2    Plaintiff properly served a Claim for Damage, Injury or Death Form 95 on the

17  Office of Public Health, Department of Health & Human Services on February 23, 2009.

18     3.3    Plaintiff properly served a Claim for Damage, Injury or Death Form 95 on the

19  U.S. Department of Justice on February 2, 2009.

20     3.4    Plaintiff properly served a Claim for Damage, Injury or Death Form 95 on the

21  U.S. Department of Interior on February 11, 2009.

COMPLAINT - 3

1      3.5     Plaintiff properly served a Claim for Damage, Injury or Death Form 95 on the

2   Portland Area Indian Health Service, Indian Health Service U.S. Department of Health and

3   Human Services on February 10, 2009.

4      3.6     Plaintiff properly served a Claim for Damage, Injury or Death Form 95 on Jeffrey

5   C. Sullivan, U.S. Attorney for Western District of Washington on February 9, 2009.

6      3.7     More than six months have elapsed since service of the various Claims for

7   Damage, Injury or Death.

8      3.8     No response was received from any of the entities served the Claim for Damage,

9   Injury or Death.

10     3.9     All requirements for the filing of the Claim for Damage, Injury or Death have

11  been fulfilled and this matter is properly before the Court.

12                          **IV.  PROCEDURE**

13     4.1     25 U.S.C. 450(f) provides, inter alia, "… any civil action … against any tribe …

14  shall be deemed an action against the United States and will be defended by the Attorney

15  General and be afforded the full protection and coverage of the Federal Tort Claims Act; …"

16     4.2     The Federal Tort Claims Act specifies, inter alia:

17         Upon certification by the Attorney General that the defendant employee
           was acting within the scope of his office or employment at the time of the
18         incident out of which the claim arose, any civil action or proceeding commenced
           upon such claim in a State court shall be removed without bond at any time
19         before trial by the Attorney General to the district court of the United States for
           the district and division embracing the place in which the action or proceeding is
20         pending. Such action or proceeding shall be deemed to be an action or proceeding
           brought against the United States under the provisions of this title and all
21         references thereto, and the United States shall be substituted as the party
           defendant. This certification of the Attorney General shall conclusively establish
22         scope of office or employment for purposes of removal.

23  28 U.S.C § 2679 (d)(2).

24

COMPLAINT - 4

413 Eighth Street
Hoquiam, WA  98550
STRITMATTER KESSLER WHELAN COLUCCIO   Tel: 360-533-2710

1       4.3    Despite filing the claims referenced above, no response was received by the

2   Plaintiff or her counsel.  Plaintiff believes that the Attorney General has certified that the

3   employees were acting within the scope of their office or employment at the time of the incidents

4   out of which the claim arose.

5       4.4    If the Plaintiff determines that the Attorney General certification has not been

6   issued, then Plaintiff will substitute the Squaxin Island Indian Tribe as the Defendant herein.

7   **V.  FACTS**

8       5.1    In or about the month of October 2006, Plaintiff Annie Ruddell returned to her

9   home one evening to find that a screen to one of her windows had been pried loose and removed.

10  The next afternoon, while she was in her home, she saw someone outside at the window where

11  the screen had been removed, jiggling the window.  The intruder then went to her children's

12  bedroom window where the children were sleeping.  Plaintiff went to that window and pulled up

13  the shade.  She saw Tyler Burrow a minor at the time, in a black-hooded sweatshirt and ski

14  mask.  She immediately called the Squaxin Island Tribal police and reported the incident.  The

15  police refused and failed to take any action.  Almost two years later, on June 23, 2008, Tyler

16  Burrow came through that same window, wielding a knife with which he threatened the Plaintiff

17  and her children, and then raped the Plaintiff.

18      5.2    Based on information and belief, Tyler Burrow has committed numerous crimes

19  as a juvenile and has been in juvenile detention on several occasions as a result of numerous

20  criminal convictions.

21      5.3    Based on information and belief, Tyler Burrow was suspected of having sexually

22  molested his sisters.

23

24

COMPLAINT - 5

1   5.4   Based on information and belief, Tyler Burrow regularly used alcohol, marijuana,

2   and prescription medications such as OxyContin, Vicodin, and other anti-depressants.

3   5.5   In 2008, Tyler Burrow was charged with possession of marijuana in Mason

4   County Juvenile Court.  He entered into a diversion agreement that required that he:

5         a)   Work 20 hours of community service;

6         b)   Write an essay and an apology letter; and

7         c)   Attain a drug assessment from a drug/alcohol professional at the Squaxin
          Island Chemical Dependency Center, and follow through with the
8            assessment recommendations.

9   5.6   As a result of his continued violations of the law, Tyler Burrow was placed in a

10   Juvenile Rehabilitation Facility with the Lummi Indian Tribe.  Thereafter, he was brought back

11   to the Squaxin Island Indian Tribe based on the recommendations of the Squaxin Island Tribal

12   Council.

13   5.7   Upon Tyler Burrow's return from the Lummi Indian Tribe Juvenile Rehabilitation

14   Program, and based upon his continuous criminal activities, he was placed under the care and

15   supervision of the ICW, with input from the AFWT.   The ICW thereafter placed Tyler Burrow

16   in Russell Harper's home despite the fact that Russell Harper was neither qualified nor an

17   appropriate person to serve as a guardian, to monitor or to supervise Tyler Burrow.

18   5.8   The ICW, with the input of the AFWT, had the responsibility to supervise and

19   monitor Tyler Burrow in the following regard:

20         a)   Monitor Tyler Burrow's school attendance;

21         b)   Monitor Tyler Burrow's use of alcohol or illegal drugs;

22         c)   Monitor Tyler Burrow's curfew requirements;

23         d)   Provide drug and alcohol assessments of Tyler Burrow;

24

COMPLAINT - 6

413 Eighth Street
Hoquiam, WA  98550
STRITMATTER KESSLER WHELAN COLUCCIO   Tel: 360-533-2710

1          e)       Monitor Tyler Burrow's participation in any illegal activities; and

2          f)       Monitor Tyler Burrow's sexual deviance.

3     5.9    Russell Harper did not properly monitor or supervise the actions and activities of

4 Tyler Burrow.  As a result, Tyler Burrow failed to attend school; was using alcohol and illegal

5 drugs; was staying out after curfew; and was involved in illegal activities.  The Squaxin Island

6 Indian Tribe knew, or should have known, of Tyler Burrow's failures and illegal activities.

7     5.10   The ICW and the FWT did not properly monitor or supervise the actions and

8 activities of Tyler Burrow.  As a result, Tyler Burrow failed to attend school; was using alcohol

9 and illegal drugs; was staying out after curfew; and was involved in illegal activities.  The

10 Squaxin Island Indian Tribe knew, or should have known, of Tyler Burrow's failures and illegal

11 activities.

12    5.11   On June 23, 2008, at approximately 3:00 a.m., Tyler Burrow came to the home of

13 Plaintiff Annie Ruddell with the intent to rape her.  He entered her home through a window to

14 her computer room.

15    Plaintiff Annie Ruddell, and her three children: Lillian, age 6; Oscar, age 4; and Nadine,

16 age 3, were at home asleep.

17    Plaintiff Annie Ruddell was awakened by Tyler Burrow who was wearing a dark colored

18 hooded sweatshirt and holding a large white-handled knife.  Annie screamed, "Get the hell out of

19 my house."  Tyler Burrow said, "Be quiet or I'll hurt you."  Annie was afraid for her life and for

20 the lives of her three children, who were in the adjacent bedroom.  The actions and words of

21 Tyler Burrow were terrorizing to Annie.

22    Plaintiff Annie Ruddell pleaded for Tyler Burrow to put down the knife and leave her

23 home.  Tyler Burrow ordered her to remove her shirt.  Annie continued to plead for Tyler

24

COMPLAINT - 7

1    Burrow to put down the knife and leave her home.  Tyler Burrow told Annie that if she did what

2    he said, he would not hurt her or her children.  Tyler Burrow said that if she took off her pants

3    and did what he said, he would put down the knife.  Annie obeyed Tyler Burrow's demands out

4    of fear for her life, as well as the lives of her children.

5         Tyler Burrow vaginally and anally raped Annie.  Annie begged Tyler Burrow to stop.

6    Tyler Burrow ejaculated inside of Annie.  Tyler Burrow did not use a condom.

7         Tyler Burrow next ordered Annie Ruddell to stay in her bedroom.  He then left the

8    bedroom and closed the bedroom door.  He left the home by the front door.

9         5.12   On June 23, 2008, in the Mason County Superior Court, Tyler Burrow was

10   charged as an adult with Rape in the First Degree, Kidnapping in the First Degree with Sexual

11   Motivation, and Burglary in the First Degree.  Facing the overwhelming evidence against him,

12   Tyler Burrow pled guilty, thereby waiving his right to a trial, to the Rape and Burglary charges

13   on August 18, 2008.  The Kidnapping charge was dismissed.  Tyler Burrow was sentenced to

14   serve 136 months (11 plus years) in prison by a Mason County Superior Court Judge on October

15   6, 2008.

16                              **VI.  LIABILITY**

17        6.1   The Squaxin Island Indian Tribe, by and through its agents, officials, and

18   employees, committed tortious acts; in its failure to properly investigate the placement of Tyler

19   Burrows; in the placement of Tyler Burrows; in its failure to properly supervise Tyler Burrows;

20   and in its failure in the monitoring of Tyler Burrows while he was under the care, custody,

21   responsibility and control of the Tribe.

22

23

24

COMPLAINT - 8

413 Eighth Street
Hoquiam, WA  98550
STRITMATTER KESSLER WHELAN COLUCCIO   Tel: 360-533-2710

6.2     The Squaxin Island Indian Tribe, by and through its agents, officials, and employees, committed tortious acts in its inadequate investigation of the propriety of placing Tyler Burrow in the care and supervision of Russell Harper.

6.3     The Squaxin Island Indian Tribe, by and through its agents, officials, and employees, committed tortious acts in its lack of proper training and supervision of its agents, officials, and employees charged with the responsibility of supervising and monitoring Tyler Burrow.

6.4     The Squaxin Island Indian Tribe, by and through its agents, officials, and employees, committed tortious acts in its failure to comply with reasonable standards of supervision of juvenile offenders and failure to comply with the court's order requiring Tyler Burrow to obtain a drug and alcohol assessment and be supervised.

6.5     The Squaxin Island Indian Tribe, by and through its agents, officials, and employees, committed tortious acts in failure to take necessary action where it knew, or should have known, of Tyler Burrow's failures and illegal activities.

6.6     The rape of Plaintiff Annie Ruddell was in part caused by the actions of the Squaxin Island Indian Tribe and its agents, officials, and employees.  The Squaxin Island Indian Tribe is responsible for the tortious acts of its agents, officials, and employees.

6.7     The United States of America is responsible for the tortious acts and conduct of the Squaxin Island Indian Tribe pursuant to an agreement between the parties and under the Federal Torts Claim Act.

## VII.  DAMAGES

7.1     As a direct and proximate result of the tortious conduct of the Squaxin Island Indian Tribe, Plaintiff Annie Ruddell has suffered injuries and damages which include:

COMPLAINT - 9

1    A.    General damages, including but not limited to:

2          1.    Past and future physical injuries, including pain and suffering;

3          2.    Past and future mental and emotional injuries, including Post-Traumatic Stress Disorder;

4

          3.    Past and future disabilities; and

5

          4.    Past and future loss of enjoyment of life.

6

    B.    Special damages, including but not limited to:

7

          1.    Past and future medical, rehabilitation and related expenses; and

8

          2.    Past and future loss of earnings and impairment of earning capacity.

9

10    C.    Punitive and other damages as authorized by law.

11    D.    Costs and attorney fees as authorized by law.

12

## VIII.  RELIEF REQUESTED

13    WHEREFORE, Plaintiff prays for judgment against Defendant for general, special, and

14 punitive damages as allowed by law, for attorney's fees and costs incurred in maintaining this

15 action, for prejudgment interest and for such other, and further relief as the Court deems just.

16    DATED this 4th day of September, 2009.

17

18             /s/ *Paul L. Stritmatter*
             Paul L. Stritmatter, WSBA #4532

19             pauls@stritmatter.com
             Kevin Coluccio, WSBA #16245

20             kc@stritmatter.com
             413 8th Street

21             Hoquiam, WA  98550
             (360) 533-2710

22             Of Stritmatter Kessler Whelan Coluccio
             Counsel for Plaintiff

23

24

COMPLAINT - 10